## Brandon *v.* George, Appellant.

*Real property—Fraudulent conveyances—Purchaser at sheriff's sale—Equity—Jurisdiction—Remedy at law—Ejectment.*

In a suit in equity to enjoin the conveyance of certain real estate it appeared that defendants were a mother and son, that the mother had originally owned the property and had conveyed it to her son, who had given a bond, with a warrant of attorney to confess judgment in part payment therefor, that the son had subsequently conveyed the property to his mother, that judgment was entered on the bond subsequently to this conveyance, and that the judgment was assigned to plaintiff. Plaintiff thereafter purchased the son's interest in the property at a sheriff's sale, and alleged that the conveyance to the mother was fraudulent. Plaintiff prayed that the mother be required to hold the property in trust for the son so that plaintiff's judgment might be a lien on the son's interest. The lower court awarded the relief prayed for. *Held,* that equity had no jurisdiction of the case, that whether the conveyance to the mother was fraudulent and whether plaintiff had a paramount title, could be determined in an action of ejectment, and the decree was reversed.

Argued Feb. 18, 1914. Appeal, No. 383, Jan. T., 1913, by defendants, from decree of C. P. Schuylkill Co., May T., 1906, No. 2, in Equity, for plaintiffs on bill in equity for an injunction in case of Lloyd T. Brandon, to the use of James J. Dull, now to the use of Nellie F. Brandon, v. William P. George and Mary P. George. Before

BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Bill in equity for an injunction.  Before BRUMM, J.
The opinion of the Supreme Court states the facts.
The court on final hearing awarded the relief prayed.
Defendants appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge and the decree of the court.

*Otto E. Farquhar,* with him *George W. Ryon,* for appellants.

*W. L. Kramer,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 13, 1914:
The complainant, at some time not stated in her bill, became the assignee of a bond given by William P. George, one of the defendants, on March 6, 1895, to secure the payment of $2,000.  There was a confession of judgment in this obligation, but judgment was not entered on it until November 1, 1898, on which date, as we learn from the testimony, the judgment was assigned to the complainant.  On March 6, 1896, George conveyed to his mother, Mary P. George, the real estate, in part payment of which he had given the said bond.  As judgment had not been entered on it at the time of this conveyance, it was not then a lien upon the said real estate.  On April 23, 1906—nearly seven years after the entry of the judgment—this bill was filed by the appellee, averring that the conveyance by George to his mother had been for the purpose of defrauding her; that she was without adequate remedy at law for the wrong done her, and her prayer was that the said Mary P. George be restrained from selling, transferring, assigning or in any way disposing of or encumbering or mortgaging the

premises described in the bill, and be decreed to hold title to the same as trustee for the said William P. George. There was no prayer that the deed be declared void. After a demurrer to the bill had been overruled an answer was filed by each of the defendants, denying that the conveyance was fraudulent and averring that it was bona fide, for a full consideration paid by the grantee. The case went on to a hearing on bill, answer and replication, on November 5, 1906; the last testimony was taken December 16, 1907, and nearly three years later—on September 5, 1910—the court found that the averment of the bill as to the fraudulent conveyance of the property had been sustained by the testimony, and a decree nisi was made, as prayed for, with a proviso that it would be vacated upon the payment of $2,000 to the complainant. Exceptions to the court's findings and decree nisi were dismissed December 8, 1913,—more than three years after they had been filed—and from the final decree we have this appeal.

Whether the evidence justified the finding that the conveyance from William P. George to his mother was fraudulently made, for the purpose of defrauding the complainant, is a question we need not decide, for the bill ought to have been dismissed for the reason that the complainant had a plain, adequate and complete remedy at law for the redress of the wrong which she alleged had been perpetrated upon her. This question was raised by the demurrer. The answer averred that execution had been issued on the appellee's judgment against William P. George, and that, at a sheriff's sale on the same, she had become the purchaser of the defendant's interest in the property involved in this proceeding. Counsel for appellee admit this to be true. She was, therefore, at the very time she was praying for a decree in the court below that the title was still in William P. George, and that his mother be declared a trustee of the same for him, the absolute owner of whatever interest he had in the property. If, at the time of

the sheriff's sale, the title to it was still in him, and not in his fraudulent grantee, the appellee acquired that title, under which she could have recovered possession of the premises on the common law side of the court in an action of ejectment. This was the remedy to which she should have resorted. Whether her title is paramount to that of Mary P. George must, under the circumstances, be settled in such an action: Hunter's Appeal, 40 Pa. 194. To sustain the decree in favor of the appellee would leave the title still in William P. George, and she would be compelled to again buy at sheriff's sale what she now has, if the conveyance of which she complains was fraudulent. This anomalous situation seems not to have occurred to her, court or counsel. The thirteenth assignment of error is sustained, the decree is reversed and the bill dismissed at the costs of the appellee, without prejudice to her right to bring ejectment.